IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K. JAMES CARPENTER | : | CIVIL ACTION |
|         Plaintiff, | : | |
|     vs. | : | NO. 06-1451 |
| | : | |
| RONALD DAVID ASHBY; RICHARD | : | |
| ANDERSON; JAMES PROUD; STEPHANIE | : | |
| KLEIN; WILLIAM WISMER; ANTHONY | : | |
| RAFFO; BOROUGH OF MEDIA; | : | |
| BOROUGH OF MEDIA POLICE; JAMES | : | |
| WEICHERT/WEICHERT TITLE; | : | |
| WEICHERT CO. OF PENNSYLVANIA; | : | |
| KATHRYNANN W. DURHAM; HOWARD | : | |
| COHEN; VINCENT MANCINI; COURT | : | |
| OF COMMON PLEAS MEDIA; WILLIAM | : | |
| WARD, and STEPHEN A. WYNDRYNSKI | : | |
|         Defendants. | : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW** this 25th day of January, 2007, upon consideration of Defendants, Borough of Media and Borough of Media Police's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C. 12(b)(1), (6) and for Sanctions (Doc. No. 13, filed May 5, 2006); Response to Deny Defendant Borough of Media/Media Police's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1), (6) (Doc. No. 40, filed June 16, 2006); Defendants, Borough of Media and Borough of Media Police's Reply to Plaintiff's Response to the Media Defendants' Motion to Dismiss (Doc. No. 45, filed June 22, 2006), and letter of Borough of Media and Borough of Media Police, through counsel, dated December 21, 2006;[1] **IT IS ORDERED** that Defendants, Borough of Media and Borough of Media Police's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C. 12(b)(1),

---

[1] A copy of the letter from counsel for the Media defendants, dated December 21, 2006, shall be docketed by the Deputy Clerk.

(6) and for Sanctions (Doc. No. 13, filed May 5, 2006) is **GRANTED IN PART AND DENIED IN PART,** as follows:

  1. Plaintiff's Complaint and Amended Complaint against defendants Borough of Media and Borough of Media Police are **DISMISSED WITH PREJUDICE**;[2] and,

  2. That part of defendants Borough of Media and Borough of Media Police's Motion which seeks sanctions against plaintiff is **DENIED**.

## MEMORANDUM

**I.  BACKGROUND**

The facts are taken from the Complaint, the Amended Complaint, and the record in this case.

On April 6, 2006, plaintiff filed his first Complaint in this case against the Borough of Media,[3] the Borough of Media Police[4] (collectively "the Media defendants") and ten other

---

[2] The allegations in plaintiff's Complaint and Amended Complaint against the Borough Media and the Borough of Media Police Department are identical.  For that reason, by letter dated December 21, 2006, counsel for those defendants requested that the Motion to Dismiss be treated as a Motion to Dismiss the two Complaints.  The Court grants that request and will treat the pending Motion to Dismiss as a Motion to Dismiss both plaintiff's Complaint and Amended Complaint against the Borough of Media and the Borough of Media Police Department.

[3] Plaintiff's Complaint and Amended Complaint refer interchangeably to the "Borough of Media" and the "Borough of Media Zoning Ordinances."  The Court will construe claims alleged against both the "Borough of Media" and the "Borough of Media Zoning Ordinances" as claims alleged against the Borough of Media.

[4] The Court independently notes that the Borough of Media Police Department is improperly named as a defendant in this case; the Borough of Media Police Department is a department within the Borough of Media and lacks a separate legal existence. However, the Media defendants do not move to dismiss on this ground.  The proper defendant in cases involving the Borough of Media Police Department is the Borough of Media.

defendants. The Media defendants filed a motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) on May 5, 2006, to which plaintiff responded on June 16, 2006.

On December 11, 2006, plaintiff filed an Amended Complaint in which he included claims against five new defendants, but made no other changes to the original Complaint. By letter dated December 21, 2006, the Media defendants requested that, because the claims raised against the Media defendants are identical in the two complaints, the Court construe the motion to dismiss as a motion to dismiss plaintiff's Complaint and Amended Complaint, and the Court will do so.

This dispute stems from plaintiff's purchase of commercial real property in Media, Pennsylvania from Eva Winters Johnson in December 1994 through a listing agreement with Weichert Realtors. Ms. Winters Johnson took back a note and mortgage in the amount of $150,000 to secure payment of the purchase price. The note and mortgage were to mature in January 2006 and the note was payable in monthly installments of $525.00, with a balloon payment due at maturity.

The mortgage was reset by agreement following institution of a suit against plaintiff and Weichert Realtors by Ms. Winters Johnson in 1999. Ms. Winters Johnson subsequently foreclosed on that mortgage in 2001 in the Court of Common Pleas of Delaware County. On March 1, 2002, plaintiff filed a petition in bankruptcy under Chapter 13 of the Bankruptcy Code in the Eastern District of Pennsylvania, Bankruptcy No. 02-13127. The bankruptcy action was voluntarily dismissed by plaintiff on January 23, 2003.

On September 5, 2003, the Court of Common Pleas of Delaware County issued an order

finding plaintiff delinquent in mortgage payments to Ms. Winters Johnson and directing plaintiff to execute a warranty deed transferring the disputed property to Ms. Winters Johnson.  Judge Proud of the Court of Common Pleas of Delaware County named defendant Ashby, Ms. Winters Johnson's attorney, and defendant Raffo, plaintiff's former attorney, as trustees of the disputed property.

Plaintiff further alleges that, on an unspecified date, defendant Ashby attempted to gain entry to the disputed property with "two men and a crow bar."  Compl. 6; Amended Compl. 6.  Plaintiff's tenant was at the property at the time, and called the Borough of Media Police to report the incident.  Unsatisfied because the Borough of Media Police failed to investigate the alleged break-in, plaintiff then called the Pennsylvania State Police, who advised plaintiff to file a complaint with the District Attorney's Office should the Borough of Media Police Department fail to address the matter.  Plaintiff attempted to do so but "was prohibited from filing a complaint" with the District Attorney and "was informed [by the District Attorney's Office] that it was the Borough of Media [sic] job to investigate to determine if a criminal act had been committed."  Id.

## II.   LEGAL STANDARD

In considering a motion to dismiss under FRCP 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The Court must only consider those facts alleged in the complaint in considering such a motion.  See ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).  A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishin v. King &

Spaulding, 467 U.S. 69, 73 (1984).  Therefore, the facts alleged in plaintiff's Complaint and Amended Complaint are accepted as true in deciding this motion.

Plaintiff is proceeding *pro se* in this case.  The Court is mindful of the instruction that it should broadly construe pleading requirements when handling *pro se* submissions.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

### III.  DISCUSSION

#### A.  Overview of Claims against Media Defendants

With respect to the Borough of Media, the Complaint and Amended Complaint allege that "Defendant Borough of Media conspired with Weichert of Pa/Weichert Title to depict a parcel of land 88 x 142, Folio No. 26-00-00845-00 as though it was subdivided[], when in fact it has never been sub divided . . . . Borough of Media is involved in Conspiracy in this action for unlawful violations for Deprivation of plaintiff's Civil Rights 42 USC 1985-1988 under color of law for defrauding plaintiff of real property."  Compl. 14; Amended Compl. 14.  In so alleging, plaintiff also makes reference to 18 U.S.C. §§ 241, 242.

Plaintiff's Complaint and Amended Complaint further state, in relation to the reported break-in, that the "[Borough of] Media Police have violated plaintiff's rights under color of law in accordance to 42 USC 1985-1988 under color of law.  Wherefore, as a result of [un]lawful conduct of the Media Police, Plaintiff Prays this Court for Reprimanding the Media Police Department, that investigation is require [sic] at all times of criminal behavior"  Compl. 13; Amended Compl. 13.

#### B.  Claims under 42 U.S.C. § 1985-1988

42 U.S.C. § 1985(3) creates a private right of action for recovery of damages "if two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons in the equal protection of the laws. . . ."

In order to state a claim of conspiracy pursuant to 42 U.S.C. § 1985(3), plaintiff must allege that "racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions," and must "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott v. Abramsen, 2006 U.S. App. LEXIS 25671, *5 (3d Cir. Oct. 16, 2006); see also Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Plaintiff makes no reference whatsoever to any discriminatory animus in the Complaint or the Amended Complaint, and fails to set forth facts from which a conspiratorial agreement between the defendants can be inferred. Even liberally construed, *pro se* plaintiff's complaints fail to sufficiently allege a cause of action arising under 42 U.S.C. § 1985 with respect to the Media defendants. The Court thus grants the Media defendants' motion to dismiss plaintiff's claims based on a violation of 42 U.S.C. § 1985.

42 U.S.C. § 1986 "provides a cause of action against anyone who, having knowledge that any of the wrongs in § 1985 are about to be committed, 'and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so.'" Gay v. City of Philadelphia, 2005 U.S. Dist. LEXIS 15840, *23 (E.D. Pa. Aug. 2, 2005) (quoting 42 U.S.C. § 1986), *aff'd* 2006 U.S. App. LEXIS 26878 (3d Cir. Oct. 26, 2006). "In order to maintain a cause of action under § 1986, [plaintiff] must show the existence of a § 1985 conspiracy." Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Because the Court concludes that plaintiff has failed to properly allege the existence of a § 1985 conspiracy, plaintiff cannot maintain a cause of

action under § 1986, and the Court grants the Media defendants' motion to dismiss plaintiff's § 1986 claims.

Plaintiff also asserts claims against the Media defendants under 42 U.S.C. §§ 1987 and 1988. However, 42 U.S.C. §§ 1987 and 1988 do not create private rights of action. See Seneca Constitutional Rights Org. v. George, 348 F. Supp. 51, 54 n.1 (W.D. N.Y. 1972) (stating that section 1987 does not create a cause of action); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973) (stating that "[s]ection 1988 does not enjoy the independent stature of an 'Act of Congress providing for the protection of civil rights,'" but is "intended to complement the various acts which do create federal causes of action for the violation of civil rights"); Brobson v. Borough of New Hope, 2000 U.S. Dist. LEXIS 16976, at *18 (E.D. Pa., Nov. 22, 2000) (stating that 42 U.S.C. § 1988 "is not a separate cause of action by which liability may be imposed against a defendant"). Therefore, the Court dismisses plaintiff's § 1987 and § 1988 claims against the Media defendants.

### C.   Claims under 18 U.S.C. §§ 241 and 242

With respect to the Borough of Media, plaintiff's Complaint and Amended Complaint make reference to 18 U.S.C. §§ 241 and 242. The statutes upon which plaintiff relies in his claims against the Borough of Media, 18 U.S.C. §§ 241 and 242, are criminal statutes and do not support civil causes of action.[5]  See, e.g., D'Alessandro v. ACLU, 2006 U.S. Dist. LEXIS 82237, *6-7 (D. Del. Nov. 8, 2006); Nellom v. Luber, 2004 U.S. Dist. LEXIS 7103, *16-17 (E.D. Pa.

---

[5]"18 U.S.C. §§ 241 and 242 create criminal penalties for deprivations of constitutional rights, effected by means of conspiracy or under color of state law. On their face, these sections neither authorize any civil suit nor create any civil liability." United States v. Philadelphia, 482 F. Supp. 1248, (E.D. Pa. 1979), *aff'd* 644 F.2d 187 (3d Cir. 1980).

Mar. 18, 2004). See also, Barrett v. City of Allentown, 152 F.R.D. 50, 55-56 (E.D. Pa. 1993) (criminal statutes do not give rise to civil causes of action). Accordingly, to the extent that plaintiff is alleging a cause of action under 18 U.S.C. §§ 241 and 242, the Court concludes that plaintiff fails to state a claim against the Borough of Media upon which relief can be granted and grants the Media defendants' motion to dismiss.

### D.     Substantive Due Process Claims

Finally, plaintiff's Complaint and Amended Complaint, when liberally construed, purport to assert substantive due process claims relating to the Borough of Media Police Department's alleged failure to investigate Mr. Ashby's conduct. To the extent that such an argument is being raised, those claims also fail; the Supreme Court has consistently held that the Due Process Clause is not violated when the state fails to protect an individual against private violence. See, e.g., Deshaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 196-97 (1989) ("[O]ur cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even when such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); Bright v. Westmoreland County, 443 F.3d 276, 280-81 (3d Cir. 2006).[6] Therefore, to the extent that plaintiff is asserting substantive due process claims against the Media defendants for failing to investigate the alleged break-in, those claims are dismissed with prejudice.

---

[6] There are two exceptions to the presumption against a state's affirmative obligation to protect citizens from private actors; (1) cases where there exists a special relationship between the individual and the state, such that the state has a duty to protect the health and safety of the individual, see DeShaney, 489 U.S. at 197-201, and (2) cases where a "state-created danger" causes harm to an individual. See Bright, 443 F. 3d at 281-82. It is clear from the face of the pleadings that no "special relationship" existed between plaintiff and the state, and that there was no "state-created danger;" thus these exceptions are applicable.

### E.     Leave to File Second Amended Complaint not Granted

*Pro se* plaintiff is not granted leave to file another amended complaint - he has already filed an amended complaint- on the ground that any such amendment would be futile. In determining that it would be futile for plaintiff to again amend the Complaint, the Court has considered plaintiff's "repeated failure to cure deficiencies" in the Complaint in this action, and his repeated failure to state a claim for discrimination in the related cases Civil Action No. 04-927 and Civil Action No. 01-1828.  See Forman v. Davis, 371 U.S. 178, 182 (1962); cf. In re Cybershop.com Sec. Litig., 189 F. Supp. 2d 214, 236 (D.N.J. 2002) (declining to allow leave to amend a complaint upon finding that plaintiff "had ample opportunity to craft a sufficiently pled complaint"); Schiffman v. Postmaster of Philadelphia, 1997 U.S. Dist. LEXIS 14656, *24 (E.D. Pa. Sept. 19, 1997).

### IV.     CONCLUSION

For all of the foregoing reasons, the Court grants the Motion of Defendants, Borough of Media and Borough of Media Police, to Dismiss Plaintiff's Complaint and Amended Complaint and plaintiff's Complaint and Amended Complaint against the Borough of Media and the Borough of Media Police Department are dismissed with prejudice.

In view of the Court's disposition of the Media defendants' Motion to Dismiss, it need not reach the other issues raised in the Motion.

**BY THE COURT:**

/s/ **Honorable Jan E. DuBois**
JAN E. DUBOIS, J.