IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K. JAMES CARPENTER | : | CIVIL ACTION |
|               **Plaintiff,** | : | |
| vs. | : | NO.  06-1451 |
| | : | |
| RONALD DAVID ASHBY; RICHARD | : | |
| ANDERSON; JAMES PROUD; STEPHANIE | : | |
| KLEIN; WILLIAM WISMER; ANTHONY | : | |
| RAFFO; BOROUGH OF MEDIA; | : | |
| BOROUGH OF MEDIA POLICE; JAMES | : | |
| WEICHERT/WEICHERT TITLE; | : | |
| WEICHERT CO. OF PENNSYLVANIA; | : | |
| KATHRYNANN W. DURHAM; HOWARD | : | |
| COHEN; VINCENT MANCINI; COURT | : | |
| OF COMMON PLEAS MEDIA; WILLIAM | : | |
| WARD, and STEPHEN A. WYNDRYNSKI | : | |
|               **Defendants.** | : | |

### ORDER AND MEMORANDUM

### O R D E R

**AND NOW** this 25th day of January, 2007, upon consideration of Defendant Richard H. Anderson's Motion to Dismiss Plaintiff's Complaint and for Sanctions (Doc. No. 8, filed May 3, 2006); Response to Deny Defendant Richard H. Anderson's Motion to Dismiss (Doc. No. 41, filed June 16, 2006), and Defendant Richard H. Anderson's Motion to Dismiss Plaintiff's Amended Complaint and for Sanctions (Doc. 66, filed December 19, 2006); **IT IS ORDERED** that Defendant Richard H. Anderson's Motion to Dismiss Plaintiff's Complaint and for Sanctions (Doc. No. 8) and Motion to Dismiss Plaintiff's Amended Complaint and for Sanctions (Doc. No. 66) are **GRANTED IN PART AND DENIED IN PART** as follows:

    1.    Plaintiff's Complaint and Amended Complaint against defendant Richard H. Anderson are **DISMISSED WITH PREJUDICE**; and

    2.    Those parts of defendant Richard H. Anderson's Motion to Dismiss the

>Complaint and Motion to Dismiss the Amended Complaint which seek sanctions are **DENIED**.

<strong><u>MEMORANDUM</u></strong>

**I.     BACKGROUND**

The facts are taken from the Complaint, the Amended Complaint, and the record in this case.

On April 6, 2006, plaintiff filed his first Complaint in this case against Richard H. Anderson and eleven other defendants. Defendant Anderson filed a Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on May 3, 2006, to which plaintiff responded on June 16, 2006.

On December 11, 2006, plaintiff filed an Amended Complaint in which he included claims against five new defendants, but made no other changes to the original Complaint. Defendant Anderson filed a motion to dismiss the Amended Complaint on December 19, 2006, in which he incorporates by reference, "as if set forth at length," "the reasons set forth in Attorney Anderson's May 5, 2006 Motion to Dismiss Plaintiff's Complaint and the Memorandum of Law in Support of Attorney Anderson's May 5, 2006 Motion to Dismiss." Def. Mot. at 1.

This dispute stems from plaintiff's purchase of commercial real property in Media, Pennsylvania from Eva Winters Johnson in December 1994 through a listing agreement with Weichert Realtors. Ms. Winters Johnson took back a note and mortgage in the amount of $150,000 to secure payment of the purchase price. The note and mortgage were to mature in January 2006 and the note was payable in monthly installments of $525.00, with a balloon

payment due at maturity.

On October 22, 1997, defendant Richard H. Anderson filed a complaint against plaintiff and Weichert Realtors on behalf of Ms. Winters Johnson. As a result of that action, the mortgage was reset by agreement among the parties to that suit on November 5, 1999. Ms. Winters Johnson subsequently foreclosed on that mortgage in 2001 in the Court of Common Pleas of Delaware County. On March 1, 2002, plaintiff filed for Chapter 13 Bankruptcy in the Eastern District of Pennsylvania, Bankruptcy No. 02-13127. The bankruptcy action was voluntarily dismissed by plaintiff on January 23, 2003.

On September 5, 2003, the Court of Common Pleas of Delaware County issued an order finding plaintiff delinquent in mortgage payments to Ms. Winters Johnson and directing plaintiff to execute a warranty deed transferring the disputed property to Ms. Winters Johnson.

## II.    LEGAL STANDARD

In considering a motion to dismiss under FRCP 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The Court must only consider those facts alleged in the complaint in considering such a motion. See ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishin v. King & Spaulding, 467 U.S. 69, 73 (1984). Therefore, the facts alleged in plaintiff's Complaint and Amended Complaint are accepted as true in deciding this motion.

Plaintiff is proceeding *pro se* in this case. The Court is mindful of the instruction that it should broadly construe pleading requirements when handling *pro se* submissions. Haines v.

Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

**III.   DISCUSSION**

    **A.   Claims Alleged against Defendant Anderson**

The Complaint and Amended Complaint allege that defendant Anderson "filed an untimely bogus complaint against Weichert Realtors and Plaintiff on October 22, 1997," and that "Mr. Anderson's allegations were determined untrue." Plaintiff further alleges that, in connection with that action, "defendant Anderson and attorney Stephen [Feinstein][1] conspired to set up a Reset Mortgage Agreement and a Release to be signed by Winters Johnson, scheduled settlement date of November 5, 1999 then changed the original folio no. 26-00-00845-00 to read 26-00-0845-01." Finally, plaintiff alleges that "Richard Anderson has also conspired with the Borough of Media for producing a fraudulent depicted property plan for properties to appear to have been sub-divided . . . . Richard Anderson has committed fraud in this matter involving conspiracy with other defendants in this action in an attempt to defraud plaintiff of his Real Property." Compl. 9.; Amended Compl. 9.

    **B.   Plaintiff's 2001 Action against Defendant Anderson**

The Court takes judicial notice of the fact that on March 20, 2001, plaintiff filed a suit in this Court against defendant Anderson in which he asserted claims arising out of the 1997 suit and November 5, 1999 reset agreement, in Civil Action No. 01-1828 ("2001 action").[2] In the

---

[1] Plaintiff explains that attorney Stephen Feinstein was retained by plaintiff in the 1997 action. Compl. 9.

[2] A court may take judicial notice of the record from a previous court proceeding between the parties. Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir.

2001 action, plaintiff alleged, *inter alia*, that defendant Anderson's actions in October 1997 (filing suit on behalf of Ms. Winters Johnson) and November 1999 (resetting of the mortgage between Ms. Winters Johnson and plaintiff), deprived plaintiff of a "bundle of rights" that he possessed with respect to the disputed property. Plaintiff specifically alleged that defendant Anderson violated plaintiff's civil rights and that defendant Anderson had unlawfully conspired with others to violate his civil rights.

By order dated March 20, 2002, Judge Barclay Surrick granted defendant Anderson's Motion to Dismiss Plaintiff's Second Amended Complaint against defendant Anderson in the 2001 action. Judge Surrick dismissed all of plaintiff's claims against defendant Anderson with prejudice. With respect to plaintiff's conspiracy claims, Judge Surrick concluded that plaintiff had failed to allege that defendant Anderson acted with any racial animus, and that plaintiff had inadequately alleged a conspiracy. Carpenter v. Young et al., Civ. No. 01-1828, Order, Mar. 20, 2002.

### C.  Claim Preclusion

"Claim preclusion bars a party from litigating a claim that it could have raised or did raise in a prior proceeding in which it raised another claim based on the same cause of action." Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 191 (3d Cir. 1999). Claim preclusion requires (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action. Bd. of Trustees of Trucking Employees Welfare Fund, Inc. v. Centra, 983 F.2d 495, 504 (3d Cir. 1992).

A mere difference in legal theory does not create a separate cause of action for purposes

---

1988).

of claim preclusion; if the claim made in the subsequent trial could have been presented at the first trial, claim preclusion will still serve as a bar to that claim, as long as the other conditions are met.  Weber v. Henderson, 275 F. Supp. 2d 616, 620 (E.D. Pa. 2003) ("parties to a previous lawsuit are barred from raising new or different legal theories that are based on the previous suit's underlying facts.").

Claim preclusion bars plaintiff's claims against defendant Anderson in this case.  First, because a dismissal with prejudice is considered a final judgment on the merits for the purpose of claim preclusion, Interdigital Tech. Corp. v. OKI America, Inc., 866 F. Supp. 212, 213 (E.D. Pa. 1994), Judge Surrick's dismissal of the 2001 action with prejudice constitutes a final judgment in the prior suit.  Second, the 2001 action involved many of the same parties as the instant case, including plaintiff and defendant Anderson.  Finally, the prior suit was based on the same operative facts as the instant suit; namely, in both suits, plaintiff asserted that defendant Anderson, by virtue of his filing suit and reformation of plaintiff's mortgage, deprived plaintiff of his right to possess the disputed property.  Therefore, under the doctrine of claim preclusion, plaintiff cannot sue defendant Anderson on those claims which this Court dismissed with prejudice in 2001, and those claims that were previously raised and dismissed are dismissed with prejudice.

Moreover, because all other claims asserted against defendant Anderson in this case arise out of the same course of wrongful conduct as the 2001 action, and could have been asserted in that action, those claims are similarly barred by claim preclusion.  See In re Banks, 2007 U.S. App. LEXIS 1150, *6 (3d Cir. Jan. 19, 2007); InterDigital Tech. Corp., 866 F. Supp. at 213-14.  Therefore, plaintiff's remaining claims against defendant Anderson arising out of the 1997

lawsuit and 1999 reset agreement are dismissed with prejudice.

Plaintiff, in his response to defendant's Motion argues that his claims should not be barred because "the Court's order to dismiss with prejudice in Action No. 01-cv-1828 may have been premature now that discovery has revealed conclusive evidence of fraud." Resp. 5. "Claim preclusion, however, applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." Haefner v. N. Cornwall Twp., 40 F. App'x 656, 658 (3d Cir. 2002). With respect to this issue, the Court notes that the allegations in the 2001 action against defendant Anderson are nearly identical to those allegations against defendant Anderson in plaintiff's Complaint and Amended Complaint in this case. Moreover, all of the facts alleged in the Complaint and Amended Complaint were known to plaintiff or could have been discovered by him through the exercise of due diligence at the time of filing the 2001 action. The Court finds that plaintiff's "bald and unsupported allegations of fraudulent concealment are not persuasive." Id.

### D.  Leave to File Second Amended Complaint not Granted

*Pro se* plaintiff is not granted leave to file another amended complaint - he has already filed an amended complaint- on the ground that any such amendment would be futile. In determining that it would be futile for plaintiff to again amend the Complaint, the Court has considered plaintiff's "repeated failure to cure deficiencies" in the Complaint in this action, and his repeated failure to state a claim for discrimination in the related cases Civil Action No. 04-927 and Civil Action No. 01-1828. See Forman v. Davis, 371 U.S. 178, 182 (1962); cf. In re Cybershop.com Sec. Litig., 189 F. Supp. 2d 214, 236 (D.N.J. 2002) (declining to allow leave to

amend a complaint upon finding that plaintiff "had ample opportunity to craft a sufficiently pled complaint"); Schiffman v. Postmaster of Philadelphia, 1997 U.S. Dist. LEXIS 14656, *24 (E.D. Pa. Sept. 19, 1997).

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants Defendant Richard H. Anderson's Motion to Dismiss plaintiff's Complaint and Defendant Richard H. Anderson's Motion to Dismiss Plaintiff's Amended Complaint and plaintiff's Complaint and Amended Complaint against Richard H. Anderson are dismissed with prejudice.

In view of the Court's disposition of defendants Anderson's Motions to Dismiss, it need not reach the other issues raised in the Motions.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**