IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **K. JAMES CARPENTER** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| vs. | : | NO. 06-1451 |
| | : | |
| **RONALD DAVID ASHBY; RICHARD ANDERSON; JAMES PROUD; STEPHANIE KLEIN; WILLIAM WISMER; ANTHONY RAFFO; BOROUGH OF MEDIA; BOROUGH OF MEDIA POLICE; JAMES WEICHERT/WEICHERT TITLE; WEICHERT CO. OF PENNSYLVANIA; KATHRYNANN W. DURHAM; HOWARD COHEN; VINCENT MANCINI; COURT OF COMMON PLEAS MEDIA; WILLIAM WARD, and STEPHEN A. WYNDRYNSKI** | : | |
| **Defendants.** | : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW** this 25th day of January, 2007, upon consideration of the Weichert defendants' Motion to Dismiss the Complaint in Lieu of Answer Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Barring Plaintiff from Filing Any Further Complaints (Doc. 12, filed May 5, 2006); Response to Deny Defendant Weichert of PA/Weichert Title's Motion to Dismiss (Doc. 35, filed June 16, 2006), and Motion to Dismiss [the Amended Complaint] and Enjoin Future Actions (Doc. 69, filed Dec. 22, 2006); **IT IS ORDERED** that the Weichert Defendants' Motion to Dismiss the Complaint in Lieu of Answer Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Barring Plaintiff from Filing Any Further Complaints (Doc. 12); and Motion to Dismiss and Enjoin Future Actions (Doc. 69) are **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Plaintiff's Complaint and Amended Complaint against defendants James

Weichert, Weichert Title and Weichert Co. of Pennsylvania are **DISMISSED WITH PREJUDICE**; and

2. Those parts of defendants' Motion to Dismiss the Complaint (Doc. 12) and Motion to Dismiss the Amended Complaint (Doc. 69) which seek injunctive relief barring plaintiff from filing future claims are **DENIED**.

## MEMORANDUM

**I.   BACKGROUND**

The facts are taken from the Complaint, the Amended Complaint, and the record in this case.

On April 6, 2006, plaintiff filed his first Complaint in this case against Weichert Company of Pennsylvania (improperly plead as Weichert Pennsylvania), Title Closing Services, LLC, d/b/a Weichert Title Agency (improperly plead as Weichert Title), James Weichert (collectively "the Weichert defendants"), and nine other defendants. The Weichert defendants filed a Motion to Dismiss the Complaint in Lieu of Answer Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Barring Plaintiff from Filing Any Further Complaints on May 9, 2006, to which plaintiff responded on June 16, 2006.

On December 11, 2006, plaintiff filed an Amended Complaint in which he included claims against five new defendants, but made no other changes to the original Complaint. The Weichert defendants filed a Motion to Dismiss the Amended Complaint on December 22, 2006.

This dispute stems from plaintiff's purchase of commercial real property in Media, Pennsylvania from Eva Winters Johnson in December 1994 through a listing agreement with

Weichert Realtors. Ms. Winters Johnson took back a note and mortgage in the amount of $150,000 to secure payment of the purchase price. The note and mortgage were to mature in January 2006 and the note was payable in monthly installments of $525.00, with a balloon payment due at maturity.

On October 22, 1997, defendant Richard H. Anderson filed a complaint against plaintiff and Weichert Realtors on behalf of Ms. Winters Johnson. As a result of that action, the mortgage was reset by agreement among the parties to that suit on November 5, 1999. The reset agreement created a new folio number and resulted in subdivision of the Manchester property. Ms. Winters Johnson subsequently foreclosed on that mortgage in 2001 in the Court of Common Pleas of Delaware County. On March 1, 2002, plaintiff filed for Chapter 13 Bankruptcy in the Eastern District of Pennsylvania, Bankruptcy No. 02-13127. The bankruptcy action was voluntarily dismissed by plaintiff on January 23, 2003.

On September 5, 2003, the Court of Common Pleas of Delaware County issued an order finding plaintiff delinquent in mortgage payments to Ms. Winters Johnson and directing plaintiff to execute a warranty deed transferring the disputed property to Ms. Winters Johnson.

**II.   LEGAL STANDARD**

In considering a motion to dismiss under FRCP 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The Court must only consider those facts alleged in the complaint in considering such a motion. See ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishin v.

King & Spaulding, 467 U.S. 69, 73 (1984).  Therefore, the facts alleged in plaintiff's Complaint and Amended Complaint are accepted as true in deciding this motion.

Plaintiff is proceeding *pro se* in this case.  The Court is mindful of the instruction that it should broadly construe pleading requirements when handling *pro se* submissions. Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

## III.   DISCUSSION

### A.   Overview of Claims against Weichert Defendants

Plaintiff makes two specific allegations against the Weichert defendants in the Complaint and Amended Complaint.  First, plaintiff alleges that Attorney Richard Anderson and Weichert Title produced an "altered document changing Folio no. 26-00-00845-00 to read 26-00-00845-01," on November 5, 1999.  Compl. 10; Amended Compl. 10.

Second, the Complaint and Amended Complaint allege that "Weichert Title conspired with the Borough of Media to produce a defective title at the Settlement on December 15, 1994," and:

> Weichert/Title conspired with the Borough of Media to produce a fraudulent deed so that the properties would be depicted as being sub-divided.  Plainitff's deed does not reflect the land description of the original deed. Weichert conspired with the Borough of Media and other defendants in this action for Conspiracy to defraud Plaintiff of his real property.

Id.   In so alleging, plaintiff seeks redress for "destroying plaintiff's career in real estate and violations of plaintiff's constitutional rights inaccordance [sic] to 42 USC 1985-1988," and makes reference to 18 U.S.C. §§ 241, 242.

B.      Claims Under 42 U.S.C. §§ 1985-1988

42 U.S.C. § 1985(3) creates a private right of action for recovery of damages "if two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons in the equal protection of the laws. . . ."

In order to state a claim of conspiracy pursuant to 42 U.S.C. § 1985(3), plaintiff must allege that "racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions," and must "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott v. Abramsen, 2006 U.S. App. LEXIS 25671, *5 (3d Cir. Oct. 16, 2006); see also Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Plaintiff makes no reference whatsoever to any discriminatory animus in the Complaint or the Amended Complaint, and fails to set forth facts from which a conspiratorial agreement between the defendants can be inferred. Even liberally construed, *pro se* plaintiff's complaints fail to sufficiently allege a cause of action arising under 42 U.S.C. § 1985 with respect to the Weichert defendants. The Court thus grants the Weichert defendants' motion to dismiss plaintiff's claims based on a violation of 42 U.S.C. § 1985.

42 U.S.C. § 1986 "provides a cause of action against anyone who, having knowledge that any of the wrongs in § 1985 are about to be committed, 'and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so.'" Gay v. City of Philadelphia, 2005 U.S. Dist. LEXIS 15840, *23 (E.D. Pa. Aug. 2, 2005) (quoting 42 U.S.C. § 1986), aff'd 2006 U.S. App. LEXIS 26878 (3d Cir. Oct. 26, 2006). "In order to maintain a cause of action under § 1986, [plaintiff] must show the existence of a § 1985 conspiracy." Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Because the Court concludes that plaintiff has

failed to properly allege the existence of a § 1985 conspiracy, plaintiff cannot maintain a cause of action under § 1986, and the Court grants the Weichert defendants' motion to dismiss plaintiff's § 1986 claims.

Plaintiff also asserts claims against the Weichert defendants under 42 U.S.C. §§ 1987 and 88. However, 42 U.S.C. §§ 1987 and 1988 do not create private rights of action. See Seneca Constitutional Rights Org. v. George, 348 F. Supp. 51, 54 n.1 (W.D. N.Y. 1972) (stating that section 1987 does not create a cause of action); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973) (stating that "[s]ection 1988 does not enjoy the independent stature of an 'Act of Congress providing for the protection of civil rights,'" but is "intended to complement the various acts which do create federal causes of action for the violation of civil rights"); Brobson v. Borough of New Hope, 2000 U.S. Dist. LEXIS 16976, at *18 (E.D. Pa.. Nov. 22, 2000) (stating that 42 U.S.C. § 1988 "is not a separate cause of action by which liability may be imposed against a defendant"). Therefore, the Court dismisses plaintiff's § 1987 and § 1988 claims against the Weichert defendants.

### C.      Claims Under 18 U.S.C. §§ 241 and 242

Plaintiff's Complaint also makes reference to 18 U.S.C. §§ 241 and 242. Criminal statutes do not give rise to civil causes of action. Barrett v. City of Allentown, 152 F.R.D. 50, 55-56 (E.D. Pa. 1993). The statutes that plaintiff relies upon in his claims against the Weichert defendants, 18 U.S.C. §§ 241 and 242, are criminal statutes and do not support civil causes of action.[1]  See, e.g., D'Alessandro v. ACLU, 2006 U.S. Dist. LEXIS 82237, *6-7 (D. Del. Nov. 8,

---

[1] "18 U.S.C. §§ 241 and 242 create criminal penalties for deprivations of constitutional rights, effected by means of conspiracy or under color of state law. On their face, these sections neither authorize any civil suit nor create any civil liability." United States v. Philadelphia, 482

2006); Nellom v. Luber, 2004 U.S. Dist. LEXIS 7103, *16-17 (E.D. Pa. Mar. 18, 2004).  See also Barrett v. City of Allentown, 152 F.R.D. 50, 55-56 (E.D. Pa. 1993) (criminal statutes do not give rise to civil causes of action).   Accordingly, to the extent that plaintiff is alleging a cause of action under 18 U.S.C. §§ 241 and 242, the Court concludes that plaintiff fails to state a claim against the Weichert defendants upon which relief can be granted and grants the Weichert defendants' motion to dismiss those claims.

### D.      Claims against James Weichert

Although plaintiff's Complaint and Amended Complaint name James Weichert as a defendant, there are no allegations against James Weichert individually in the complaints. James Weichert is not even mentioned in the two complaints aside from his inclusion in the caption. This is an additional reason for dismissing the Complaint and Amended Complaint against James Weichert.

### E.      Leave to File Second Amended Complaint not Granted

*Pro se* plaintiff is not granted leave to file another amended complaint - he has already filed an amended complaint- on the ground that any such amendment would be futile. In determining that it would be futile for plaintiff to again amend the Complaint, the Court has considered plaintiff's "repeated failure to cure deficiencies" in the Complaint in this action, and his repeated failure to state a claim for discrimination in the related cases Civil Action No. 04-927 and Civil Action No. 01-1828.  See Forman v. Davis, 371 U.S. 178, 182 (1962); cf. In re Cybershop.com Sec. Litig., 189 F. Supp. 2d 214, 236 (D.N.J. 2002) (declining to allow leave to amend a complaint upon finding that plaintiff "had ample opportunity to craft a sufficiently pled

---

F. Supp. 1248, (E.D. Pa. 1979), *aff'd* 644 F.2d 187 (3d Cir. 1980).

complaint"); Schiffman v. Postmaster of Philadelphia, 1997 U.S. Dist. LEXIS 14656, *24 (E.D. Pa. Sept. 19, 1997).

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants the Weichert defendants' Motion to Dismiss the Complaint and Motion to Dismiss the Amended Complaint, and plaintiff's Complaint and Amended Complaint against Weichert Company of Pennsylvania, Title Closing Services and James Weichert are dismissed with prejudice.

In view of the Court's disposition of the Weichert defendants' Motions to Dismiss, it need not reach the other issues raised in the Motions.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**

**JAN E. DUBOIS, J.**