IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **K. JAMES CARPENTER** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| vs. | : | NO. 06-1451 |
| | : | |
| **RONALD DAVID ASHBY; RICHARD** | : | |
| **ANDERSON; JAMES PROUD; STEPHANIE** | : | |
| **KLEIN; WILLIAM WISMER; ANTHONY** | : | |
| **RAFFO; BOROUGH OF MEDIA;** | : | |
| **BOROUGH OF MEDIA POLICE; JAMES** | : | |
| **WEICHERT/WEICHERT TITLE;** | : | |
| **WEICHERT CO. OF PENNSYLVANIA;** | : | |
| **KATHRYNANN W. DURHAM; HOWARD** | : | |
| **COHEN; VINCENT MANCINI; COURT** | : | |
| **OF COMMON PLEAS MEDIA; WILLIAM** | : | |
| **WARD, and STEPHEN A. WYNDRYNSKI** | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW** this 6th day of September, 2007, upon consideration of the Motion of Defendant Vincent B. Mancini, Esquire to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6), and/or for Summary Judgment Pursuant to F.R.C.P. 56 (b) (Document No. 82, filed January 26, 2007); Motion of Defendant Vincent B. Mancini, Esquire, to Strike Plaintiff's Amended Complaint Filed on March 8, 2007 and Dismiss Plaintiff's Amended Complaint Filed on December 11, 2006 (Document No. 87, filed March 30, 2007); and Plaintiff's Reply to Motions of Defendant Vincent B. Mancini To Strike and Dismiss Dated March 30, 2007 (Document No. 91, filed April 17, 2007), **IT IS ORDERED** as follows:

1.  The Motion of Defendant Vincent B. Mancini, Esquire to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6), and/or for Summary Judgment Pursuant to F.R.C.P. 56(b) (Document No. 82) is **GRANTED**.  Plaintiff's claims against defendant Vincent

B. Mancini, Esquire are **DISMISSED WITH PREJUDCE**; and

2.      The Motion of Defendant Vincent B. Mancini, Esquire, to Strike Plaintiff's Amended Complaint Filed on March 8, 2007 and Dismiss Plaintiff's Amended Complaint Filed on December 11, 2006 (Document No. 87) is **DENIED AS MOOT**.

## MEMORANDUM

**I.      BACKGROUND**

The facts are taken from the Complaint, the Amended Complaint, and the record in this case.

This dispute stems from plaintiff's purchase of commercial real property in Media, Pennsylvania from Eva Winters Johnson in December 1994 through a listing agreement with Weichert Realtors.  Ms. Winters Johnson took back a note and mortgage in the amount of $150,000 to secure payment of the purchase price.  The note and mortgage were to mature in January 2006 and the note was payable in monthly installments of $525.00, with a balloon payment due at maturity.

The mortgage was reset by agreement following institution of a suit against plaintiff by Ms. Winters Johnson in 1997.  Ms. Winters Johnson, represented by defendant Ronald David Ashby, subsequently foreclosed on that mortgage in 2001 in the Court of Common Pleas of Delaware County.  Defendant Vincent B. Mancini represented plaintiff in that matter.

On September 5, 2003, the Court of Common Pleas of Delaware County issued an order finding plaintiff delinquent in mortgage payments to Ms. Winters Johnson and directing plaintiff to execute a warranty deed transferring the disputed property to Ms. Winters Johnson.

On April 6, 2006, plaintiff filed his first Complaint against twelve defendants in this case.

On December 11, 2006, plaintiff filed an Amended Complaint in which he included claims against five additional defendants, including defendant Vincent Mancini, but made no other changes to the original Complaint. On December 19, 2006, plaintiff filed a document entitled "Amended Complaint" and docketed as such, in which one defendant was added to the caption of the previously filed Amended Complaint. By Order dated January 24, 2007, the Court directed plaintiff to arrange for service, or to make service, of the Summons and Amended Complaint on the defendants named in the Amended Complaint on or before March 12, 2007.

On January 26, 2007, defendant Mancini voluntarily waived formal service and filed a motion to dismiss plaintiff's Amended Complaint, or, in the alternative, for summary judgment. On March 8, 2007, plaintiff filed another document titled "Amended Complaint," which was identical to the Amended Complaint filed on December 11, 2007. Defendant Mancini filed a motion to strike the March 8, 2007 Amended Complaint and to dismiss the December 11, 2007 Amended Complaint on March 30, 2007.

## II.   LEGAL STANDARD

In considering a motion to dismiss under FRCP 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The Court must only consider those facts alleged in the complaint in considering such a motion. See ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). "In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d

Cir. 2006). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishin v. King & Spaulding, 467 U.S. 69, 73 (1984).

Plaintiff is proceeding *pro se* in this case. The Court is mindful of the instruction that it should broadly construe pleading requirements when handling *pro se* submissions. Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

### III.  DISCUSSION

#### A.  Motion to Strike Amended Complaint Filed March 8, 2007

Defendant Mancini argues that the Court should strike the document filed by plaintiff on March 8, 2007, and titled "Amended Complaint" on the ground that plaintiff was not granted leave to file a second amended complaint as required by Federal Rule of Civil Procedure 15. As the Court noted above, the March 8, 2007 Amended Complaint and the December 11, 2006 Amended Complaint are identical. Plaintiff has simply refiled the same document, and in substance there is only one Amended Complaint, despite the appearance of more than one Amended Complaint on the docket.[1] Because plaintiff has not, in fact, amended his complaint, Rule 15 is not applicable.

Thus, the Court will construe defendant Mancini's motion to strike and to dismiss as a second motion to dismiss the Amended Complaint filed on December 11, 2006.

---

[1] The Court notes that on January 25, 2007, plaintiff was ordered to arrange for service of the summons and December 11, 2006 Amended Complaint on the defendants named in that Amended Complaint by March 12, 2007. Apparently plaintiff refiled the Amended Complaint in an attempt to comply with that Order.

### B.      Claims Alleged against Defendant Mancini

In the Amended Complaint, plaintiff alleges two claims against defendant Mancini.  First, plaintiff alleges that "Mancini advised Plaintiff to cease making mortgage payments."  Am. Compl. at 18.  Second, plaintiff alleges that "attorney Mancini had knowledge of any act done in furtherance of any Conspiracy regarding property 303/305 and 301 Manchester Ave and failed to prevent or aid in preventing any wrongs pursuant to 42 USC 1985."  Id.

### C.      Claims Arising From Defendant Mancini's Advice to Plaintiff

Plaintiff alleges in the Amended Complaint that "Attorney Mancini, represented plaintiff regarding properties 303/305 and 301 Manchester Ave, Mr. Mancini advised Plaintiff to cease making mortgage payments [i]n his letter to defendant Ronald Ashby."  Amended Compl. 18.  The letter identified in the Amended Complaint is from defendant Mancini to defendant Ashby and is dated March 19, 2001; it is incorporated into the Amended Complaint by reference.  In that letter, defendant Mancini, in referring to the conveyance of the disputed property from Ms. Johnson to plaintiff, states that "the Deed conveying the property appears to be a Special Warranty Deed where Ms. Johnson warranted that she did nothing to adversely affect title.  The breach of warranty is clearly a basis for nonpayment of the current mortgage."  Def. Mot., Ex. B.

Although it is unclear what legal theory plaintiff is advancing in this claim, it is clear that it lacks any factual basis.  To the contrary, the letter does not evince legal advice to plaintiff as defendant Mancini's client.  Because is it is clear that no relief can be granted which would be consistent with the allegation that "Mr. Mancini advised Plaintiff to cease making mortgage payments [i]n his letter to defendant Ronald Ashby," the Court concludes that this claim must be dismissed.

### D. Claims under 42 U.S.C. § 1985-1986

42 U.S.C. § 1985(3) creates a private right of action for recovery of damages "if two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons in the equal protection of the laws. . . ."

In order to state a claim of conspiracy pursuant to 42 U.S.C. § 1985(3), plaintiff must allege that "racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions," and must "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott v. Abramsen, 2006 U.S. App. LEXIS 25671, *5 (3d Cir. Oct. 16, 2006); see also Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Plaintiff makes no reference whatsoever to any discriminatory animus in the Complaint or the Amended Complaint, and fails to set forth facts from which a conspiratorial agreement between the defendants can be inferred. Even liberally construed, *pro se* plaintiff's complaints fail to sufficiently allege a cause of action arising under 42 U.S.C. § 1985 with respect to defendant Mancini. The Court thus grants the defendant Mancini's motion to dismiss plaintiff's claims based on a violation of 42 U.S.C. § 1985.

42 U.S.C. § 1986 "provides a cause of action against anyone who, having knowledge that any of the wrongs in § 1985 are about to be committed, 'and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so.'" Gay v. City of Philadelphia, 2005 U.S. Dist. LEXIS 15840, *23 (E.D. Pa. Aug. 2, 2005) (quoting 42 U.S.C. § 1986), *aff'd* 2006 U.S. App. LEXIS 26878 (3d Cir. Oct. 26, 2006). "In order to maintain a cause of action under § 1986, [plaintiff] must show the existence of a § 1985 conspiracy." Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Because the Court concludes that plaintiff has

failed to properly allege the existence of a § 1985 conspiracy, plaintiff cannot maintain a cause of action under § 1986, and the Court grants defendant Mancini's motion to dismiss plaintiff's claims to the extent that those claims are asserted under 42 U.S.C. § 1986.

### E. Leave to File Second Amended Complaint not Granted

*Pro se* plaintiff is not granted leave to file another amended complaint - he has already filed an amended complaint- on the ground that any such amendment would be futile. In determining that it would be futile for plaintiff to again amend the complaints, the Court has considered plaintiff's "repeated failure to cure deficiencies" in the Complaint in this action, and his repeated failure to state a claim for discrimination in the related cases Civil Action No. 04-927 and Civil Action No. 01-1828. See Forman v. Davis, 371 U.S. 178, 182 (1962); cf. In re Cybershop.com Sec. Litig., 189 F. Supp. 2d 214, 236 (D.N.J. 2002) (declining to allow leave to amend a complaint upon finding that plaintiff "had ample opportunity to craft a sufficiently pled complaint"); Schiffman v. Postmaster of Philadelphia, 1997 U.S. Dist. LEXIS 14656, *24 (E.D. Pa. Sept. 19, 1997).

### IV. CONCLUSION

For all of the foregoing reasons, the Court grants Defendant Vincent B. Mancini's Motion to Dismiss plaintiff's Amended Complaint and plaintiff's Amended Complaint against Vincent B. Mancini is dismissed with prejudice.

                                                  **BY THE COURT:**

                                                  **/s/ Honorable Jan E. DuBois**
                                                  **JAN E. DUBOIS, J.**