IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K. JAMES CARPENTER | : | CIVIL ACTION |
|           Plaintiff, | : | |
| vs. | : | NO. 06-1451 |
| | : | |
| HOWARD COHEN; COURT OF COMMON | : | |
| PLEAS MEDIA; WILLIAM WARD; and, | : | |
| STEPHEN A. WYDRZYNSKI | : | |
|           Defendants. | : | |

### ORDER & MEMORANDUM

### O R D E R

**AND NOW** this 28th day of January, 2008, upon consideration of Defendant, Stephen A. Wydrzynski's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Document No. 106, filed October 3, 2007); Plaintiff, K. James Carpenter's Response to Deny Defendant Stephen A. Wydrznski's Motion to Dismiss Pursuant to 12(b)(6) (Document No. 115, filed October 31, 2007); plaintiff's Supplemental Pleadings Stephen Wyndrynski (Document No. 89, filed April 9, 2007); and Defendant, Stephen A. Wydrzynski's Motion for Protective Order Pursuant to F.R.C.P. 26(c) (Document No. 124, filed January 16, 2008); **IT IS ORDERED** as follows:

    1.    Defendant, Stephen A. Wydrzynski's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) is **GRANTED** and plaintiff's Amended Complaint against defendant Stephen A. Wydrzynski is **DISMISSED WITH PREJUDICE**;

    2.    Plaintiff's Supplemental Pleadings Stephen Wyndrynski, which the Court construes as a motion for leave to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d), is **DENIED**;

1

3.     Defendant, Stephen A. Wydrzynski's Motion for Protective Order Pursuant to F.R.C.P. 26(c) is **DENIED AS MOOT**.

4.     The Clerk of the United States District Court for the Eastern District of Pennsylvania shall correct the spelling of defendant's name on the docket from its current spelling "Stephen A. Wyndrynski" to the correct spelling "Stephen A. Wydrzynski."

## MEMORANDUM

**I.    BACKGROUND**

The facts are taken from the Complaint, the Amended Complaint, and the record in this case.

This dispute stems from plaintiff's purchase of commercial real property in Media, Pennsylvania from Eva Winters Johnson in December 1994. Ms. Winters Johnson took back a note and mortgage in the amount of $150,000 to secure payment of the purchase price. The note and mortgage were to mature in January 2006 and the note was payable in monthly installments of $525.00, with a balloon payment due at maturity.

The mortgage was reset by agreement following institution of a suit against plaintiff by Ms. Winters Johnson in 1997. Ms. Winters Johnson, represented by defendant Ronald David Ashby,[1] subsequently foreclosed on that mortgage in 2001 in the Court of Common Pleas of Delaware County. Thereafter, on September 5, 2003, the Court of Common Pleas of Delaware County issued an order finding plaintiff delinquent in mortgage payments to Ms. Winters

---

[1] The Amended Complaint against defendant Ashby was dismissed with prejudice by Order dated December 22, 2006.

Johnson and directing plaintiff to execute a warranty deed transferring the disputed property to Ms. Winters Johnson.

On April 6, 2006, plaintiff, proceeding *pro se*, filed his first Complaint against twelve defendants in this case. On December 11, 2006, plaintiff filed an Amended Complaint in which he included claims against six new defendants, including Stephen A. Wydrzynski.[2] The Amended Complaint made no other changes to the original Complaint. On December 19, 2006, plaintiff filed a document titled "Amended Complaint" and docketed as such, in which one defendant, William Ward, was added to the caption of the previously filed Amended Complaint. On March 8, 2007, plaintiff filed another document titled "Amended Complaint," which was identical to the Amended Complaint filed on December 11, 2007. On April 9, 2007, plaintiff filed a document titled "Supplemental Pleadings Stephen Wyndrynski" restating facts alleged in the Amended Complaint and seeking an additional $500,000 in monetary damages.

By Order dated January 24, 2007, the Court directed plaintiff to arrange for service, or to make service, of the Summons and Amended Complaint on the defendants named in the Amended Complaint on or before March 12, 2007. Thereafter, on May 3, 2007, defendant Wydrzynski filed a Motion to Dismiss Pursuant to F.R.C.P. (4)(m) and F.R.C.P. 12(b)(5) asserting that plaintiff failed to properly affect service of process. The Court denied this Motion by Order dated September 6, 2007 and directed that defendant Wydrzynski file and serve an answer or a motion to dismiss addressing the merits on or before October 5, 2007. Defendant Wydrzynski filed the instant Motion to Dismiss on October 3, 2007.

---

[2] Plaintiff misspells defendant Wydrzynski's name as "Wyndrynski." The Court correctly spells defendant's name in this Memorandum and has directed the Clerk to correct it on the docket.

II.     **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).  Only those facts alleged in the complaint may be considered in deciding such a motion.  ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).  "In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in the record of the case."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).  A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Therefore, the facts alleged in plaintiff's Amended Complaint are accepted as true in deciding this motion.

Plaintiff is proceeding *pro se* in this case.  The Court is mindful of the instruction that it should broadly construe pleading requirements when handling *pro se* submissions.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

### III. DISCUSSION

#### A. Claims Alleged Against Defendant Wydrzynski in the Amended Complaint

In his Amended Complaint, plaintiff alleges that defendant Wydrzynski was appointed by Judge Kathrynann W. Durham of the Delaware County Court of Common Pleas to "execute an unlawful deed on behalf of plaintiff" and that "Appointed Attorney Wyndrynski has produced fraudulent filings that is contrary to Reset of Mortgage, filed by defendant Richard Anderson on November 5, 1999, for folio No. 26-00-00845-01."  (Am. Compl. 17.)  Plaintiff "prays this court to investigate and correct the fraudulent filing of the Deed by Attorney Wyndrynski . . . [and] also for determining the correct recording of the deed that was filed by defendant Anderson for Folio No. 26-00-00845-01 that is contrary to Folio No. 26-00-00845-00."  (Id.)

#### B. Plaintiff's Request for Injunctive Relief

In his Amended Complaint, plaintiff asks this Court to "investigate and correct" transactions that were ordered by the Court of Common Pleas of Delaware County.  To the extent that plaintiff seeks the reversal of any substantive state-court order or ruling, those claims are barred by the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); see also Yuhasz v. Poritz, 166 Fed. Appx. 642, 648 (3d Cir. 2006) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)).  "The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"  Lance v. Dennis, 546 U.S. 459, 460 (2006) (per curiam) (quoting Exxon Mobil Corp., 544 U.S. at 284).  Therefore, to the extent that plaintiff is seeking the reversal of a state-court order or ruling, those claims are dismissed as barred by the Rooker-Feldman doctrine.

5

### C. Claims Arising From Defendant Wydrzynski's Execution of An Order Issued by Judge Kathrynann W. Durham of the Court of Common Pleas of Delaware County

To the extent that plaintiff asserts claims for monetary damages against defendant Wydrzynski, those claims are barred by the doctrine of quasi-judicial immunity. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (citing Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Randall v. Brigham, 74 U.S. (7 Wall.) 523, 536 (1868)). This protection extends to a court-appointed officer designated to execute a judicial order. See Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975) ("[W]here the defendant is directly involved in the judicial process, he may . . . be covered by the immunity afforded the judge because he is performing a ministerial function at the direction of the judge."); Villanueve v. County of Montgomery, 1994 WL 396368, at *2 (E.D. Pa. July 29, 1994) ("[C]ourts have consistently held that officials acting pursuant to a facially valid court order have a quasi-judicial absolute immunity from damages for actions taken to execute that order.") (citations omitted); DeFerro v. Coco, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (granting immunity to defendant acting pursuant to judge's "directive and instruction"). Extending immunity to parties executing judicial orders helps insure that "[o]fficials . . . [are] not . . . required to act as pseudo-appellate courts scrutinizing the orders of judges." Villanueve, 1994 WL 396368, at *2 (quoting Patterson v. Von Riesen, 999 F.2d 1235, 1241 (8th Cir. 1993)) (internal quotation marks omitted).

There are two narrow exceptions to judicial immunity from suit for monetary damages. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir.

2000) (citing Mireles, 502 U.S. at 11).  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Id. (citing Mireles, 502 U.S. at 11).

By Order dated January 23, 2008, the Court granted Judge Kathrynann W. Durham's motion to dismiss plaintiff's Amended Complaint after concluding that Judge Durham was entitled to judicial immunity.  The Court reached this conclusion because "the Amended Complaint argues that the alleged misconduct occurred during court proceedings concerning plaintiff's property in the Court of Common Pleas."  (Ct.'s Order of Jan. 23, 2008, at 4.)  Having already concluded that Judge Durham is entitled to judicial immunity for adjudicating a dispute concerning plaintiff's property, the Court now extends quasi-judicial immunity to defendant Wydrzynski for his execution of Judge Durham's instructions.  Because no relief can be granted under any set of facts that could be proved consistent with the allegations in the Amended Complaint, the Court dismisses plaintiff's claims against defendant Wydrzynski to the extent that plaintiff seeks monetary damages.

      **D.**     **Plaintiff's "Supplemental Pleadings Stephen Wyndrynski"**

In addition to the allegations in plaintiff's Amended Complaint, plaintiff filed a document titled "Supplemental Pleadings Stephen Wyndrynski" on April 9, 2007.  In this document, plaintiff seeks $500,000 in damages for "defendant Stephen Wyndrynski's acceptance of appointment by the Court of Common Pleas via Kathrynann W. Durham to produce a fraudulent Deed for properties 303/305 Manchester Ave, Media . . . ."  The Court must determine whether plaintiff's "Supplemental Pleadings" should be deemed part of the Amended Complaint.

Federal Rule of Civil Procedure 15(d) sets forth the standard governing submission of a supplemental pleading. Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that *happened after* the date of the pleading to be supplemented." (emphasis added). "Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment [under Rule of Civil Procedure 15(a)], which covers matters that occurred before the filing of the original pleading but were overlooked at the time." Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185, 1188 (3d Cir. 1979); see also 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504 (2d ed. 1990) (explaining that Rule 15(d) "embraces only events that have happened 'since the date of the pleading sought to be supplemented.'").

Rule 15(d) requires that a party obtain leave of court before filing a supplemental pleading. Although plaintiff did not title his filing a motion for supplemental pleading, the Court notes plaintiff's *pro se* status and the fact that he did serve copies of his "Supplemental Pleadings" on the defendants. Accordingly, the Court will construe plaintiff's "Supplemental Pleadings Stephen Wyndrynski" as a properly filed motion to supplement pleadings under Rule 15(d). The Court nonetheless denies the motion on its merits, because plaintiff seeks to supplement his pleadings based on events that took place before the filing of his Amended Complaint. As explained by the Third Circuit in Owens-Illinois, Inc., 610 F.2d at 1188, Rule 15(d) by its own terms only permits supplemental pleading "setting out any transaction, occurrence, or event that *happened after* the date of the pleading to be supplemented." F.R.C.P. 15(d) (emphasis added). Because plaintiff seeks additional damages for events that transpired before he filed the Amended Complaint, the Court will not permit supplemental pleading.

The result would be the same if the Court treated plaintiff's "Supplemental Pleadings Stephen Wyndrynski" as a motion to file a second amended complaint. *Pro se* plaintiff would not be granted leave to file another amended complaint – he has already filed an amended complaint – on the ground that any such amendment would be futile; no amendment could avoid the bars of quasi-judicial immunity and the Rooker-Feldman doctrine. See Forman v. Davis, 371 U.S. 178, 182 (1962); cf. Davis v. Pa. Bd. of Prob. & Parole, 2006 U.S. Dist. LEXIS 74601, *14 (W.D. Pa. Oct. 13, 2006 ) (dismissing with prejudice claim barred by Eleventh Amendment immunity on the ground that amendment would be futile).

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants Defendant Stephen A. Wydrzynski's Motion to Dismiss plaintiff's Amended Complaint and plaintiff's Amended Complaint against Stephen A. Wydrzynski's is dismissed with prejudice. Plaintiff's "Supplemental Pleadings Stephen Wyndrynski," which the Court construes as a motion for leave to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d), is denied. Defendant, Stephen A. Wydrzynski's Motion for Protective Order Pursuant to F.R.C.P. 26(c) is denied as moot.

**BY THE COURT:**


**/s/ Honorable Jan E. DuBois**
         **JAN E. DUBOIS, J.**