IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K. JAMES CARPENTER | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | NO.  06-1451 |
| | : | |
| COURT OF COMMON PLEAS MEDIA and | : | |
| WARD T. WILLIAMS, | : | |
| Defendants. | : | |

## ORDER & MEMORANDUM

### O R D E R

**AND NOW** this 28th day of July, 2008, upon consideration of Judicial Defendant Ward T. Williams' Motion to Dismiss Plaintiff's Second Amended Complaint[1] (Document No. 159, filed April 29, 2008), and *pro se* Plaintiff's K. James Carpenter's Memorandum in Opposition to Defendant Ward T. Williams Motion to Dismiss Pursuant to 12(b)(6) (Document No. 167, filed June 23, 2008), **IT IS ORDERED** that Judicial Defendant Ward T. Williams' Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED** and plaintiff's Amended Complaint against defendant Ward T. Williams is **DISMISSED WITH PREJUDICE**.

### MEMORANDUM

**I. BACKGROUND**

The facts are taken from the Complaint, the Amended Complaint, and the record in this case.

---

[1] Defendant Williams refers to a "Second Amended Complaint."  However, plaintiff's claims against Defendant Williams were asserted in Plaintiff's Amended Complaint dated December 11, 2006.

This dispute stems from plaintiff's purchase of commercial real property in Media, Pennsylvania from Eva Winters Johnson in December 1994.  Ms. Winters Johnson took back a note and mortgage in the amount of $150,000 to secure payment of the purchase price.  The note and mortgage were to mature in January 2006 and the note was payable in monthly installments of $525.00, with a balloon payment due at maturity.

The mortgage was reset by agreement following institution of a suit against plaintiff by Ms. Winters Johnson in 1997.  Ms. Winters Johnson, represented by defendant Ronald David Ashby,[2] subsequently foreclosed on that mortgage in 2001 in the Court of Common Pleas of Delaware County.  Thereafter, on September 5, 2003, the Court of Common Pleas of Delaware County issued an order finding plaintiff delinquent in mortgage payments to Ms. Winters Johnson and directing plaintiff to execute a warranty deed transferring the disputed property to Ms. Winters Johnson.

On April 6, 2006, plaintiff, proceeding *pro se*, filed his first Complaint against twelve defendants in this case.  On December 11, 2006, plaintiff filed an Amended Complaint in which he included claims against six new defendants, including William Ward.[3]  The Amended Complaint made no other changes to the original Complaint.  On December 19, 2006, plaintiff filed a document titled "Amended Complaint" and docketed as such, in which one defendant, William Ward, was added to the caption of the previously filed Amended Complaint.  On March

---

[2] The Amended Complaint against defendant Ashby was dismissed with prejudice by Order dated December 22, 2006.

[3] While plaintiff asserted claims against William Ward in his Amended Complaint dated December 11, 2006, he neglected to include William Ward in the caption of his Amended Complaint.

8, 2007, plaintiff filed another document titled "Amended Complaint," which was identical to the Amended Complaint filed on December 11, 2007.

By Order dated January 24, 2007, the Court directed that plaintiff arrange for service, or make service, of the Summons and Amended Complaint on defendants Kathrynann W. Durham, Howard Cohen, Vincent Mancini, Court of Common Pleas Media, Stephen A. Wydrzynski, and William Ward on or before March 12, 2007.

On May 11, 2007, plaintiff filed a Motion for Default Judgment as to William Ward. By Order dated September 6, 2007, the Court denied plaintiff's motion. On March 12, 2008, plaintiff filed a Request for Entry of Default against defendant "Court of Common Pleas of Delaware County Administration William Ward" pursuant to Federal Rule of Civil Procedure 55(a). Thereafter, on March 28, 2008, plaintiff filed a Motion for Default Judgment Against Court of Common Pleas of Delaware County Administration William Ward.

In his response to plaintiff's Motion for Default Judgment Against Court of Common Pleas of Delaware County Administration William Ward, defendant Ward T. Williams stated that plaintiff failed to correctly identify defendant Ward T. Williams as a defendant in his Amended Complaint; rather, plaintiff erroneously identified defendant Williams as "William Ward." Defendant Williams also noted that plaintiff had failed to effect service on Ward T. Williams.

By order dated April 8, 2008, the Court denied plaintiff's Motion for Default Judgment Against Court of Common Pleas of Delaware County Administration William Ward and corrected the identification of defendant Williams on the docket and the pleadings from the incorrect identification – "William Ward" – to the correct identification "Ward T. Williams."

On April 29, 2008, defendant Williams filed the instant motion to dismiss. Defendant Williams argues that he is entitled to quasi-judicial immunity and that plaintiff has failed to state a claim. The Court agrees with defendant Williams that plaintiff has failed to state a claim. Thus, the Court grants defendant Williams' motion and dismisses *pro se* plaintiff's Amended Complaint against defendant Williams with prejudice.

**II.    LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "'accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Id. at 232 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). In other words, a complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. Id. at 234 (quoting Twombly, 127 S.Ct. at 1965).

Plaintiff is proceeding *pro se* in this case. The Court is mindful of the instruction that it should broadly construe pleading requirements when handling *pro se* submissions. Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

### III. DISCUSSION

#### A. Claims Alleged Against Defendant Williams in the Amended Complaint

In his Amended Complaint, plaintiff alleges that defendant Williams, in his capacity as an administrator for the Court of Common Pleas of Delaware County, "assign[ed] Judge Durham to execute an unlawful Court Order by Judge Proud." (Am. Compl. 15.) Plaintiff avers that defendant Williams is liable for "Debarring Plaintiff's Attorneys Raffo/Cohen, Misuse of Power by Virtue of State Law and Willfully Proscribing a Deprivation of Plaintiff's Civil Rights." (Id. at 15b.) Plaintiff further alleges that he wrote "a letter to [defendant Williams] requesting enforcement of the Rules of the Court pursuant to Rule 3304 received from Deputy Prothonotary Irene M. Bizzoso, that a desire by a litigant to amend/substitute a petition, motion, brief or any type of pleading, an application for leave would be required [o]nly if withdrawal of counsel has been granted." (Id. at 15a.)

Plaintiff "prays this court for [r]elief by recording a Genuine Deed pursuant to Folio No. 26-00-00845-00 in Plaintiff [sic] name and [r]elief for damages from Post Dramatic [sic] Stress, Defamation of Character, Loss Livelihood in the amount of one million dollars." (Id. at 15b.)

#### B. Quasi-Judicial Immunity

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (citing Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Randall v. Brigham, 74 U.S. (7 Wall.) 523, 536 (1868)). This protection "is extended to officials other than judges . . . [when] their judgments are functional[ly] comparab[le] to those of judges - that is, because they, too, exercise a discretionary judgment as a part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S.

429, 436 (1993) (citations and quotation marks omitted).  "However, in light of the purposes behind absolute judicial immunity, a court administrator or clerk is not entitled to quasi-judicial immunity when undertaking purely 'ministerial' tasks, such as docketing and filing papers." Wright v. O'Nembo, 2006 WL 3857487, *3 (E.D. Pa. Dec. 28, 2006).

On a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff."  Phillips, 515 F.3d at 233 (citation omitted).  Plaintiff alleges that defendant Williams violated his rights by assigning Judge Durham to execute an unlawful order. It is unclear from the present state of the record whether defendant Williams exercised sufficient discretion in assigning plaintiff's case to Judge Durham to warrant granting quasi-judicial immunity.  Thus, the Court denies defendant Williams' motion to dismiss on quasi-judicial immunity grounds without prejudice.

### C.     Failure to State a Claim

In his Amended Complaint, plaintiff asserts claims under 42 U.S.C. §§ 1981 and 1985-88.  Section 1981, as amended, provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

42 U.S.C. § 1981.  "To establish a right to relief under § 1981, a plaintiff must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981 . . . ." Pryor v. Nat'l Coll. Athletic Ass'n, 288 F.3d 548, 569 (3d Cir. 2002) (quoting Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001)).

Plaintiff fails to allege in his Amended Complaint that defendant Williams discriminated against him on the basis of his race.  Further, plaintiff fails to identify which, if any, activities enumerated in § 1981 were involved in the claimed discrimination.  Even viewing the Amended Complaint in the light most favorable to plaintiff, plaintiff fails to state a claim against defendant Williams under § 1981.  Thus, the Court grants defendant Williams' motion to dismiss those claims alleging a violation of § 1981.

42 U.S.C. § 1985(3) creates a private right of action for recovery of damages "if two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons in the equal protection of the laws . . . ."

In order to state a claim for conspiracy under § 1985(3), a plaintiff must allege that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action," Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)), and must "assert facts from which . . . [a] conspiratorial agreement between the . . . defendants can be inferred."  See D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992).  Plaintiff makes no reference whatsoever to any discriminatory animus in the Amended Complaint, and fails to set forth facts from which a conspiratorial agreement between the defendants can be inferred.  Even liberally construed, *pro se* plaintiff's Amended Complaint fails to sufficiently allege a cause of action arising under § 1985 with respect to defendant Williams.  Thus, the Court grants defendant Williams' motion to dismiss those claims alleging a violation of § 1985.

42 U.S.C. § 1986 "provides a cause of action against anyone who, having knowledge that any of the wrongs in § 1985 are about to be committed, 'and having power to

prevent or aid in preventing the commission of the same, neglects or refuses to do so.'" Gay v. City of Philadelphia, 2005 WL 1844407, *8 (E.D. Pa. Aug. 2, 2005) (quoting 42 U.S.C. § 1986), aff'd 205 Fed. Appx. 931 (3d Cir. 2006). "In order to maintain a cause of action under § 1986, [plaintiff] must show the existence of a § 1985 conspiracy." Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Because the Court concludes that plaintiff has failed to properly allege the existence of a § 1985 conspiracy, plaintiff cannot maintain a cause of action under § 1986 and the Court grants defendant Williams' motion to dismiss those claims alleging a violation of § 1986.

Finally, plaintiff asserts claims under 42 U.S.C. §§ 1987 and 1988. However, §§ 1987 and 1988 do not create private rights of action. See Seneca Constitutional Rights Org. v. George, 348 F. Supp. 51, 54 n.1 (W.D.N.Y. 1972) (stating that § 1987 does not create a cause of action); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973) (stating that "[s]ection 1988 does not enjoy the independent stature of an 'Act of Congress providing for the protection of civil rights,'" but is "intended to complement the various acts which do create federal causes of action for the violation of civil rights"); Brobson v. Borough of New Hope, 2000 WL 1738669, *6 (E.D. Pa. Nov. 22, 2000) (stating that 42 U.S.C. § 1988 "is not a separate cause of action by which liability may be imposed against a defendant"). Therefore, the Court dismisses plaintiff's claims against defendant Williams alleging violations of §§ 1987 or 1988.

### D.     Leave to File Second Amended Complaint Not Granted

*Pro se* plaintiff is not granted leave to file another amended complaint - he has already filed an amended complaint - on the ground that any such amendment would be futile. In determining that it would be futile for plaintiff to again amend the Complaint, the Court has considered plaintiff's "repeated failure to cure deficiencies" in the Complaint in this action, and

his repeated failure to state a claim for discrimination in the related cases Civil Action No. 04-927 and Civil Action No. 01-1828.  See Forman v. Davis, 371 U.S. 178, 182 (1962); cf. In re Cybershop.com Sec. Litig., 189 F. Supp. 2d 214, 236 (D.N.J. 2002) (declining to allow leave to amend a complaint upon finding that plaintiff "had ample opportunity to craft a sufficiently pled complaint"); Schiffman v. Postmaster of Philadelphia, 1997 WL 602786, *8 (E.D. Pa. Sept. 19, 1997) (same).

IV.     CONCLUSION

For all of the foregoing reasons, the Court grants Judicial Defendant Ward T. Williams' Motion to Dismiss Plaintiff's Second Amended Complaint and dismisses *pro se* plaintiff's Amended Complaint against Ward T. Williams with prejudice.

BY THE COURT:

/s/   JAN E. DUBOIS, J.
       JAN E. DUBOIS, J.